UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIELLE DISCEPOLA,

        Plaintiff,

                                      Case No. 25-cv-127-pp

    v.

WELFARE FOR MEDICAID STATE OF ILLINOIS,
SARAH'S CIRCLE CASE WORKER,
ALEESHA MCCLENDON, LEE POE,
DEPARTMENT HHS, NEXT LEVEL HEALTHCARE
and ILLINOIS DEPARTMENT HEALTH & FAMILY SERVICES,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On January 24, 2025, the plaintiff—who is representing herself—filed a complaint alleging that a case worker for an Illinois non-profit homeless shelter denied her the ability to make healthcare choices. Dkt. No. 1 at 3, 4. The plaintiff has sued "Welfare for Medicaid State of Illinois," the Illinois homeless shelter and several shelter employees, the Illinois Department of Health & Family Services and Next Level Healthcare (which she explains formerly was Meridian, an HMO under Medicaid). Id. at 2. In her request for relief, she says that she has received "unemployment overcompensation" from New Jersey and asks the court to get involved. Id. at 5.

The same day that she filed the complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will

1

grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will dismiss the case for failure to state a claim.

## I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that she is single, unemployed and has no sources of income. Dkt. No. 2 at 1, 2. She has no rent, mortgage or credit card payments, but says that she spends $1,500 each month on food, clothing and transportation. Id. at 2, 3. She says that she has no checking, savings or other accounts. Id. at 4. At the end of the motion, the plaintiff writes:

> Financial circumstances in jeopardy the federal courthouse should have notice is the next civil suit upcoming university health systems at another out of state hospital: Illinois.

Id.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant the plaintiff's motion to proceed without prepaying it. The court advises the plaintiff, however, that she is responsible for paying the full filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a federal court grants a motion allowing a plaintiff to proceed without

2

prepaying the filing fee, it means only that the person is not required to *pre*-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented person must be "liberally construed" by the court. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). A complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.    The Complaint

The plaintiff's complaint consists of the following three paragraphs:

State: Illinois welfare for Medicaid upon a time supplying myself the plaintiff with instruction of departure from the state of welfare being received.

A second defendant, caseworker for non-profit homeless women's care upon sign up for welfare did not give myself the plaintiff choice of healthcare and determined the choice herself.

Third defendant the chosen healthcare provided for the plaintiff did not give reason to myself the plaintiff as to make a decision to change healthcare providers before the healthcare changed names.

Dkt. No. 1 at 3, 4.

Under the section labeled "jurisdiction," the plaintiff, who lives in Milwaukee, says that she is suing under state law, that she lives in a state different from the state of citizenship of every defendant and that she is seeking $10,000. Id. at 5. She then explains that the relief requested is help with unemployment overcompensation from the State of New Jersey. Id. at 5.

C.    Analysis

The plaintiff is suing Illinois defendants for acts that appear to have occurred in Illinois. Although she names seven defendants, the plaintiff has not described any action by anyone other than (1) an unidentified caseworker for the non-profit homeless women's care center who allegedly selected a

4

healthcare plan for the plaintiff (without giving the plaintiff the opportunity to make a selection) and (2) "the chosen healthcare" that allegedly didn't allow her to choose a provider before changing the name of the healthcare plan.

To state a cognizable claim for relief under the federal notice pleading system, a plaintiff must provide a short and plain statement showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The plaintiff must include sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts must be sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id., and "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

The plaintiff has not met the requirements of Rule 8(a)(2). She completed the standard form used by self-represented litigants but has not clearly explained *who* violated her rights, *what* each defendant did, *when* they did it, *where* it happened and *why* they did it (if she knows). Dkt. No. 1 at 3. She has not described an injury that can be compensated under federal law, she has not identified the case worker who allegedly made the healthcare plan decision, she has not explained when the case worker made the healthcare decision and she has not explained how the fact that the case worker make the decision harmed the plaintiff. She has not explained why she believes she had a right to make the healthcare decision for herself.

5

The reason this information is important is because federal courts are courts of limited jurisdiction. The court has an obligation at each stage of the proceedings to ensure that it has subject-matter jurisdiction over the dispute, Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013), and must dismiss the case if it lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3). Federal courts have jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, and cases between citizens of different states if the amount of money in dispute is more than $75,000. 28 U.S.C. §1332. Federal courts do not have jurisdiction to consider and decide lawsuits that involve alleged violations of state law, unless the plaintiff and the defendant live in two different states and the amount in controversy exceeds $75,000, or unless the state-law claims relate to a federal claim. McCaigue v. Edwards, Case No. 23-cv-1225, 2025 WL 959095, *12 (E.D. Wis. Mar. 31, 2025).

Because the plaintiff has not described a violation of any federal law that the court is aware of, and because she seeks only $10,000 in damages (which is less than the $75,000 required for federal jurisdiction), the court lacks subject-matter jurisdiction. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d

6

510, 519–20 (7th Cir. 2015)). The plaintiff's allegations do not state any claim upon which this court can grant relief. Amendment would be futile.

III.    **Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because the complaint fails to state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend the deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, she will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, she must file a motion in *this court*. See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under

Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 5th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**